TIMOTHY COURCHAINE
United States Attorney
District of Arizona
NATHANIEL J. WALTERS
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

☒ FILED ☐ LODGED
May 08 2025
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Jorge Casahonda Padilla,

Defendant.

CR-23-01307-RCC (JR)

PLEA AGREEMENT

The United States of America and the defendant, Jorge Casahonda Padilla, agree to the following disposition of this matter:

PLEA

a. The defendant agrees to plead guilty to Count 2 of the Superseding Indictment, charging the defendant with a violation of Title 18, United States Code, §§ 554(a) & 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946), Smuggling Goods from the United States, a felony offense. The defendant also agrees not to contest the Forfeiture Allegation in the Indictment. Counts 1 and 3-5 of the Superseding Indictment shall be dismissed at the time of sentencing.

ELEMENTS OF THE CRIME

The essential elements of Smuggling Goods from the United States are that:

(A) The defendant knowingly attempted to export from the United States any merchandise, article, or object;

(B) The exportation of the merchandise, article, or object was contrary to any law or regulation of the United States; and

(C) The defendant knew the exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

### Maximum Penalties

b. The defendant understands and agrees that the maximum penalty for the offense to which he is pleading is a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

### Immigration Consequences

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration

consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

Agreement Regarding Sentencing:

c. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following terms regarding sentencing:

(1) Any prison sentence shall not exceed the low end of the final advisory Sentencing Guideline Range;

(2) The defendant agrees not to seek any other adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment or departure, the government may withdraw from the plea;

(3) Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guideline Range.

d. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

e. Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

///

<u>Disclosure of Information to U.S. Probation</u>:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

<u>Forfeiture, Civil, and Administrative Proceedings</u>

a. The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as property which constitutes ammunition involved in or used in violation of the offense including the following property:

| Date of Purchase | Make | Model | Serial Number | Caliber |
|---|---|---|---|---|
| 07/14/23 | PIONEER ARMS CORP | SPORTER | PAC1178992 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | PAC23P110842 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | PAC1182192 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac23pl10900 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11736 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac1182986 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11777 | 7.62x39 |

| | | | | |
|---|---|---|---|---|
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac23pl10841 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac1182087 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac1179009 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11734 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac23pl10881 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac23pl10873 | 7.62x39 |
| 07/14/23 | PIONEER ARMS CORP | SPORTER | Pac1179012 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11788 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11774 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11823 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11769 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11891 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11794 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11836 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11838 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11779 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11813 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11883 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11805 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11811 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11786 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11733 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11820 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11737 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11874 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11841 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11843 | 7.62x39 |

| | | | | |
|---|---|---|---|---|
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11760 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11731 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11877 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11844 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | pac23pl11872 | 7.62x39 |
| 07/21/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11893 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13185 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13298 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13228 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13275 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11848 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13191 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13269 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13266 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13304 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13217 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13259 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13190 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13167 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13240 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13220 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13149 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13166 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13225 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13216 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13135 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13221 | 7.62x39 |

| | | | | |
|---|---|---|---|---|
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13162 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13209 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13277 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl12997 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13248 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13203 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13157 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11792 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13237 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13208 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13179 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13150 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13256 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13290 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11800 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13271 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13204 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13213 | 7.62x39 |
| 09/01/23 | PIONEER ARMS CORP | SPORTER | PAC23PL13226 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14618 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14637 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14623 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14630 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11908 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac1187911 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14609 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14633 | 7.62x39 |

| | | | | |
|---|---|---|---|---|
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14622 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14639 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14600 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac1188626 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13015 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14615 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13188 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13302 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac1188611 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13279 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11881 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14610 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13159 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL11825 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14645 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13010 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14604 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14602 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14616 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14607 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11869 | 7.62x39 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac1188184 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14643 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac1188423 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13171 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11817 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14599 | 5.56x45 |

| | | | | |
|---|---|---|---|---|
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac1188621 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl11900 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14628 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14619 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14625 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13281 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac1188549 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14605 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14638 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac23pl13285 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14644 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14647 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | Pac1188603 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14612 | 5.56x45 |
| 10/24/23 | PIONEER ARMS CORP | SPORTER | PAC23PL14629 | 5.56x45 |

b. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the asset is appropriate and in accordance with the applicable forfeiture statutes, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The defendant further acknowledges that the forfeiture of asset is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

c. Forfeiture of the defendant's asset shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

d. The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy, or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable asset to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

e. The defendant agrees not to file a claim, and to withdraw any previously filed claims, to any of the listed property in any civil, administrative, or judicial proceeding which may be initiated. The defendant further agrees not to contest civil, administrative, or judicial forfeiture of the listed property. The defendant agrees to waive any right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding involving this property.

f. The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

g. The defendant hereby waives and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant

understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that the defendant is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

h. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

<u>Reinstitution of Prosecution</u>:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

<u>Waiver of Defenses and Appeal Rights</u>:

If the defendant receives a sentence in accordance with this plea agreement, the defendant waives (l) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations, including the district court's determination of the criminal history category. The sentence is in accordance with this agreement if the sentence imposed does not exceed **30** months. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under Title

18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent

and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant

or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> From a time unknown to include July 1, 2023, through October 24, 2023, in the District of Arizona and the Southern District of Florida, I, Jorge Casahonda Padilla, knowingly and willfully conspired with other individuals known and unknown to the United States to export and send from the United States firearms listed on Pages 5-10 of this agreement. Although I was not directly involved with every export, I admit the United States could prove that the overall conspiracy included the export or attempted export of one hundred and thirty (130) Pioneer Arms Sporter 7.62x39 mm rifles.
>
> On the date of my arrest, I aided and abetted my co-conspirators by taking part in acts to attempt to fraudulently and knowingly export 10 Pioneer Arms AK-47 rifles from the United States into the Republic of Mexico.
>
> I knew the firearms being smuggled and intended to export to Mexico were designated on the United States Commerce Control List and, therefore, prohibited by law from being exported from the United States of America into Mexico without a valid license. Neither I nor any other individual involved in the attempted export of the firearms had a license or any other lawful authority to export them from the United States into Mexico.

x Jorge Casahonda P.

_______________ Date

JORGE CASAHONDA PADILLA
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's

waiver of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

5-8-25
Date

ALAN MACIAS
Attorney for the defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

5/8/25
Date

NATHANIEL J. WALTERS
Assistant United States Attorney