**JON M. SANDS**
Federal Public Defender
**ALAN A. MACIAS**
Assistant Federal Public Defender
TX State Bar No. 24081638
407 W. Congress St., Suite 501
Tucson, AZ  85701-1355
Telephone: (520) 879-7500
Email: *Alan_Macias@fd.org*
Attorneys for Defendant *Padilla*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jorge Casahonda Padilla,<br><br>Defendant. | CR-23-01307-TUC-RCC<br><br>**SENTENCING MEMORANDUM** |

Mr. Jorge Casahonda Padilla, through counsel, respectfully requests that this Honorable Court impose a sentence of time served (nearly 24 months).

**A.  Background**

Mr. Casahonda-Padilla has been traversing this case since August 4, 2023.  It was that day where Mr. Casahonda-Padilla attempted to exit the United States.  After sending his vehicle to x-ray inspection, agents noticed anomalies in the spare tire area.  A canine officer confirmed the presence of some contraband in the trunk of the vehicle.  Agents discovered ten AK-47 rifles and 20 magazines with a thirty round capacity.

The Government then began to trace the source of the weapons, and this investigation led to the arrest of two other members of this conspiracy.  The purchases were made [allegedly] by Daniel Nastari in Florida.  The weapons were transported from Florida

1

to Arizona by Carlos Juarez.  Agents discovered messages between Juarez and Nastari discussing the specifics of purchasing firearms.  No such messages were found between Mr. Casahonda-Padilla and either co-defendant.  Mr. Juarez was sentenced to 41 months. It should also be noted that while the total number of weapons for the conspiracy includes 130 firearms, no evidence points to Mr. Casahonda-Padilla being involved more than one time involving the ten firearms.  A presentence report was prepared.  It recommends a 37-month term of incarceration.  For the reasons below, Mr. Casahonda-Padilla respectfully requests a downward variance.

**18 U.S.C. § 3553(a) Factors**

While rendering the Sentencing Guidelines advisory, the Supreme Court has reserved a role for them. See *Kimbrough v. United States*, 552 U.S. 85 (2007). As explained in *Gall v. United States*, 552 U.S. 38, 49 (2007), district courts must treat the guidelines as the "starting point and the initial benchmark" See also *Rita v. United States*, 551 U.S. 338, 349-50 (2007). In the ordinary case, the Supreme Court has recognized that the Commission's recommendation of a sentencing range will "reflect a rough approximation of sentences that might achieve § 3553(a)" in each particular case. *Gall*, 552 U.S. at 51 (internal quotation marks omitted).  Mr. Casahonda-Padilla stands before the Court at a vital crossroad in his life and respectfully asks the Court to consider the following factors regarding his sentence.

a.  **Nature and characteristics of the defendant**

Like many people who come into contact with the criminal justice system, Mr. Casahonda-Padilla's arrest was a symptom of a greater malady.  Often the arrest and

subsequent incarceration is the lowest point in someone's life that was on a downward trajectory for some time.  Unfortunately, Mr. Casahonda-Padilla follows this same tragic arc.

Mr. Casahonda-Padilla is from a hardworking family in Tecate, Baja California. They have owned and operated a stationary store for many years and Mr. Casahonda-Padilla has worked there in the past and intends to return there after his legal issues are resolved.  In Tecate, he has several nieces and nephews that he cares deeply about and hopes to be present in their lives.

While he had enough food to eat and a place to sleep thanks to the family business, his childhood was far from perfect.  His biological father passed away when Mr. Casahonda-Padilla was only three years old.  When he was seven his mother started a relationship with his stepfather, Alfredo Martinez.  While Mr. Martinez was a good provider, he had a very abusive parenting style.  Mr. Casahonda-Padilla was subject to physical violence that left marks and bruises on his body.  Mr. Casahonda-Padilla was also subjected to emotional abuse as well.

For 14 years, Mr. Casahonda-Padilla had a great job that he loved: working for Mexico's largest airlines.  This career took him all over the country and he lived in many places.  He enjoyed traveling and experiencing new places and embarking on new challenges.  He ascended all the way to the position of regional director.  Unfortunately, without warning and without explanation, he was terminated from that position.  Here is where the downward spiral began.  Unable to find another job with another airline, Mr. Casahonda-Padilla fell into a deep depression and began smoking methamphetamine.

Once in the throes of addiction, Mr. Casahonda-Padilla's life continued to deteriorate. His family attempted to place him in rehabilitation centers, but Mr. Casahonda-Padilla was not ready to change. He had not yet hit his proverbial rock bottom. His meth dealer, seeing Mr. Casahonda-Padilla was vulnerable, offered him an easy job of crossing a vehicle from the United States back to Mexico. He promised some cash and all the meth Mr. Casahonda-Padilla could want. It was here, at the crossroads of addiction and depression, that Mr. Casahonda-Padilla made the worst choice of his life and agreed to cross the vehicle. It is a decision that he deeply regrets and that causes him substantial feelings of shame.

Mr. Casahonda-Padilla intends to go back home to Tecate and run the family business and look after his nieces and nephews. With his family close, he will have all the motivation necessary to stay clean. He also intends to continue treatment via attending Narcotics Anonymous meetings.

In closing, we ask the Court to follow the recommendation from the Pre-Sentence Report and impose a sentence of time served (nearly 24 months).

**RESPECTFULLY SUBMITTED:**    July 10, 2025.

JON M. SANDS
Federal Public Defender

 s/ Alan A. Macias
**ALAN A. MACIAS**
Assistant Federal Public Defender
Attorney for Defendant *Padilla*

Copies to all parties *via CM/ECF*.

4